IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 5:20-CR-06001-DGK-01 |
| ANTHONY D. GRIFFIN, | ) ) ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO WITHDRAW GUILTY PLEA**

Now before the Court is Defendant Anthony Griffin's motion to withdraw his plea of guilty. ECF No. 60. The Government does not oppose the motion.

A defendant may withdraw a guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

Here, Defendant plead guilty to conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 ("Count I"), and to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count XII"). Plea 1–2, ECF No. 41. Defendant's plea agreement states that he understood that, for Count I, "the minimum penalty the Court may impose is five years of imprisonment, while the maximum penalty the Court may impose is not more than 40 years of imprisonment, a $5,000,000 fine, not less than four years of supervised release, and a $100 mandatory special assessment." *Id.* at 4. For Count XII, defendant understood that the "the maximum penalty the Court may impose is not more than 10 years of imprisonment, a $250,000 fine, not more than three years of supervised release and a $100 mandatory special assessment." *Id.*

Defendant therefore agreed to a plea, understanding that the Court could sentence him to as few as five years of imprisonment, and believing—based on representations from Counsel—that the Court was likely to sentence him to less than ten years of imprisonment. Mot. ¶ 6, ECF No. 60; Mot. 1, ECF No. 55. The Court accepted Defendant's plea agreement and ordered a presentence investigation report ("PSR"). Tr. at 12, ECF No. 40. Defendant's PSR revealed that he is subject to the Armed Career Criminal Act, 18 U.S.C. § 924(e), meaning that Defendant faces a minimum sentence of fifteen years of imprisonment and a maximum sentence of life. PSR 2, ECF No. 48.

As part of a guilty plea, a defendant *must* be informed of any mandatory minimum penalties and the maximum possible penalty which he may receive. Fed. R. Crim. P. 11(b)(1)(H), (I). Because Defendant was not informed of the potential sentencing range before pleading guilty, his motion is GRANTED.

**IT IS SO ORDERED.**

Date:  May 27, 2021  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT